UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

NATHAN HANLON
on behalf of himself and all
others similarly situated,                          Case No. 22-cv-848

                   Plaintiff,                       **COLLECTIVE AND CLASS**
                                                    **ACTION COMPLAINT**
          v.                                        **PURSUANT TO 29 U.S.C. §216(b)**
                                                    **AND FED. R. CIV. P. 23**
LUNDA CONSTRUCTION COMPANY
620 Gebhardt Road                                   **JURY TRIAL DEMANDED**
Black River Falls, Wisconsin 54615

                   Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards
Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.
Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code
§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.
Civ. P. 23, by Plaintiff, Nathan Hanlon, on behalf of himself and all other similarly situated current
and former hourly-paid, non-exempt employees of Defendant, Lunda Construction Company, for
purposes of obtaining relief under the FLSA and WWPCL for unpaid wages, unpaid overtime
compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief,
and/or any such other relief the Court may deem appropriate.

2.      Defendant operated (and continues to operate) an unlawful compensation system
that deprived and failed to compensate all current and former hourly-paid, non-exempt employees

for all hours worked and work performed each workweek, including at an overtime rate of pay, in violation of the FLSA and WWPCL, by failing to: (1) include travel time throughout the workday in said employees' regular rate for overtime compensation purposes, in violation of the FLSA and WWPCL; and (2) compensate said employees with agreed-upon wages at "twice the regular rate of pay" for "all time work on Sundays and holidays," in violation of the WWPCL, which resulted in overtime violations of the FLSA.

3.      Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff resides in this District and Defendant has substantial and systematic contacts, and regularly does business, in this District.

## PARTIES

7.     Plaintiff, Nathan Hanlon, is an adult male resident of the State of Wisconsin residing at 7954 County Road D, Omro, Wisconsin 54963.

8.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

9.     Defendant, Lunda Construction Company, is a Wisconsin entity doing business in the State of Wisconsin with a principal office address of 620 Gebhardt Road, Black River Falls, Wisconsin 54615.

10.     Defendant is a construction company.

11.     For purposes of the FLSA, Defendant was an "employer" of "employees," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

13.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Laborer at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge in the State of Wisconsin.

14.     Plaintiff bring this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-

paid, non-exempt employees who work at, worked at, and/or were employed by Defendant in the State of Wisconsin.

15.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policies as enumerated herein.

16.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt employees performed compensable work in similarly-titled positions at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge in the State of Wisconsin.

17.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

18.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt employees.

19.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

20.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

21. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), one of Defendant's established compensation policies was to pay non-exempt employees at "twice the regular rate of pay" for "all time work on Sundays and holidays."

22. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees.

23. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt employees.

24. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

25. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

26. In approximately August 2021, Defendant hired Plaintiff into the position of Laborer working primarily in the State of Wisconsin.

27. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at or out of locations that were owned, operated, and managed by Defendant.

28. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction primarily in the State of Wisconsin – although, from time to time, said employees performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at job sites outside the State of Wisconsin.

29. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' primary job duties on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction was performing manual labor.

30. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

31. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

32. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a weekly basis via check.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned.

37.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to include travel time throughout the workday in said employees' regular rate for overtime compensation purposes.

38.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant required and expected Plaintiff and all other hourly-paid, non-exempt employees to travel between its location(s) and job sites during and throughout the workday on its behalf, with its knowledge, for its benefit, and/or at its direction in the further of the performance of their respective job duties.

39.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees travelled between Defendant's location(s) and job sites during and throughout the workday on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction in the further of the performance of their respective job duties.

40.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful policy, practice, custom, and/or scheme failed to include Plaintiff's and all current and former hourly-paid, non-exempt employees' travel time between its location(s) and job sites during and throughout the workday on its behalf, with its knowledge, for its benefit, and/or at its direction in the further of the performance of their respective job duties in said employees' regular rate(s) of pay for overtime compensation purposes – instead, simply compensating said employees for travel time during and throughout the workday at a straight time rate of pay even though said employees' travel time during and throughout the workday, and thus all hours worked, were in excess of forty (40) hours in a workweek.

41.     For example, during Plaintiff's employment with Defendant, and during the workweek that comprised the time period of June 6, 2022, to June 12, 2022, Defendant compensated Plaintiff for forty (40) hours of work at his regular hourly rate of pay of $45.97, and also compensated Plaintiff with in-excess of ten (10) hours of travel time, but simply compensated Plaintiff (and all other hourly-paid, non-exempt employees) for travel time at their respective regular hourly rate(s) of pay, as opposed to including the travel time in said employees' regular rate(s) of pay for overtime compensation purposes. Such a practice in this regard was to the detriment of said employees and to the benefit of Defendant, in violation of the FLSA and WWPCL.

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful policy, practice, custom, and/or scheme also failed to compensate Plaintiff and all other hourly-paid, non-exempt employees with agreed-upon wages at "twice the regular rate of pay" for "all time work on Sundays and holidays," in violation of the WWPCL, which resulted in overtime violations of the FLSA. For example, during Plaintiff's employment

with Defendant and when Plaintiff worked on Sundays and/or holidays, Defendant simply did not

him (and all other hourly-paid, non-exempt employees) with agreed-upon wages at "twice the

regular rate of pay." Such a practice in this regard was to the detriment of said employees and to

the benefit of Defendant, in violation of the WWPCL, which also resulted in overtime violations

of the FLSA.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF

No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid,

non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and

work performed in excess of forty (40) hours in a workweek.

44.     During the three (3) year period immediately preceding the filing of this Complaint

(ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-

paid, non-exempt employees for all hours actually worked and/or work performed each workday

and each workweek, including but not limited to at an overtime rate of pay.

45.     During the three (3) year period immediately preceding the filing of this Complaint

(ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to

compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful

overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a

workweek.

46.     Defendant was or should have been aware that its compensation policies in practice

failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or

similar fashion for all hours worked and/or work performed each workday and each workweek,

including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

47.    Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within three (3) years immediately prior to the filing of this Complaint, (ECF No. 1), who have not been compensated at the proper, correct, and/or lawful overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

48.    Defendant, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective for hours worked in excess of forty (40) in a workweek at the rate of one and one-half times their regular hourly rate of pay for all hours worked each workweek, in violation of the FLSA.

49.    The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

50.    The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

51.    Plaintiff and the FLSA Collective are similarly situated and were subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. Plaintiff's claims stated herein are the same as those of the FLSA Collective.

52.    Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to lawfully compensate employees

for all overtime compensation owed, including but not limited to at the correct and proper overtime rate of pay.

53.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

54.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

55.     Plaintiff bring this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **Travel Time:** All hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within two (2) years immediately prior to the filing of this Complaint, (ECF No. 1), and through the date of judgment who have not been compensated at the proper, correct, and/or lawful overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

> **Agreed-Upon Wage:** All hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within two (2) years immediately prior to the filing of this Complaint, (ECF No. 1), and through the date of judgment who have not been compensated at "twice the regular rate of pay" for "all time work on Sundays and holidays."

56.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin

Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

57. The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Classes.

58. Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

59. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and have no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each member of the Wisconsin Classes are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

61. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

62. Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

63. There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated at an overtime rate of pay for hours worked each workweek in excess of forty (40); (3) Whether Defendant failed to pay Plaintiff and the Wisconsin Classes for all work Defendant suffered or permitted them to perform each workweek, including but not limited to work performed in excess of forty (40) hours each workweek at the proper, correct, and/or lawful overtime rate of pay; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

64. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff, on behalf of himself and the FLSA Collective)**

65. Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

66. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

67.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

68.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

69.     At all times material herein, Plaintiff and the FLSA Collective were victims of uniform compensation policies and practices in violation of the FLSA.

70.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek by failing to include travel time throughout the workday in the FLSA Collective's regular rate for overtime compensation purposes each workweek and by failing to compensate the FLSA Collective at "twice the regular rate of pay" for "all time work on Sundays and holidays," in violation of Wisconsin law, which resulted in overtime violations of the FLSA.

71.     29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

72.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

73.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to

recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

74.　　As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

75.　　Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

76.　　Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class)

77.　　Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

78.　　At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

79. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

80. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*., 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

81. Throughout the Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

82. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

83. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by failing to include travel time throughout the workday in Plaintiff's and the Wisconsin Class' regular rate for overtime compensation purposes, in violation of Wisconsin Wage Payment Laws, and by failing to compensate Plaintiff and the Wisconsin Class at "twice the regular rate of pay" for "all time work on Sundays and holidays," which resulted in overtime violations of the WWPCL.

84. As set forth above, Plaintiff and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court

deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

85.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Regular Wages/Failure to Pay an Agreed-Upon Wage
### (Plaintiff, on behalf of himself and the Wisconsin Class)

86.     Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

87.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

88.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

89.     At all relevant times, Defendant employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

90.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

91.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

92.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class were entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

93.     Throughout the Wisconsin Class Period, Defendant agreed to compensate Plaintiff and the Wisconsin Class at "twice the regular rate of pay" for "all time work on Sundays and holidays."

94.     Throughout the Wisconsin Class Period, Defendant did not compensate Plaintiff and the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272, for hours worked that did not exceed forty (40) in a workweek.

95.     Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Wisconsin Class at "twice the regular rate of pay" for "all time work on Sundays and holidays," resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at their agreed-upon rate of pay, in violation of the WWPCL.

96.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

97.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a)  At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b)  At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c)  At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d)  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e)  Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f)  Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g)  Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h)  Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 25th day of July, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com