UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN HANLON, on behalf of himself
and all others similarly situated,

    Plaintiff,

    v.    Case No. 22-C-848

LUNDA CONSTRUCTION COMPANY,

    Defendant.

---

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT

---

On July 25, 2022, Plaintiff Nathan Hanlon brought this action against Defendant Lunda Construction Company, alleging violations of the Fair Labor Standards Act and Wisconsin's Wage Payment and Collection Laws. On September 12, 2022, Plaintiff filed an affidavit of service indicating Defendant had been served with a copy of the summons and complaint through its registered agent, CT Corporation, on September 6, 2022. When no answer or other responsive pleading was filed on or before September 27, 2022, Plaintiff filed a motion for entry of default on October 3, 2022. The clerk entered default the following day. On October 7, 2022, Defendant filed a motion to set aside entry of default and for an extension of time to file an answer. Plaintiff did not respond to the motion. For the following reasons, Defendant's motion will be granted.

Default is entered upon a party's failure to plead or otherwise defend. Fed. R. Civ. P. 55(a). Once the clerk enters default in accordance with Federal Rule of Civil Procedure 55(a), the court uses its discretion to determine whether to enter default judgment pursuant to Rule 55(b). The entry of default does not mean that a default judgment will be entered, however. A party may

request that the court vacate an entry of default prior to the entry of final judgment by demonstrating "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009); *see also Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993); Fed. R. Civ. P. 55(c).

In this case, Defendant has satisfied the "liberally applied" Rule 55 standards for vacating default. *Cracco*, 559 F.3d at 625. Defendant contends that the individual typically responsible for handling service notifications from Defendant's registered agent was on a three-week unexpected medical leave when its registered agent notified Defendant that it had been served with the summons and complaint in this action. The employee returned to work the day after Defendant had been served, but the notification regarding service was inadvertently "lost in the shuffle" of her return to work and restoration of her job duties. Dkt. No. 11 at 7. On October 5, 2022, the employee received notification of the motion for entry of default Plaintiff filed in this action. That same day, Defendant forwarded a copy to counsel.

Although it is important to comply with the deadlines created by the federal rules or required by the court, simple inadvertence can suffice to establish good cause under the applicable standard. *See Cracco*, 559 F.3d at 631 (finding that a party demonstrated good cause to side aside default because "it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence"). It is "entirely contrary to the spirt of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007) (noting the Seventh Circuit's "well established policy favoring a trial on the merits over a default judgment"). There is no prejudice to Plaintiff for

Defendant's delay. Defendant moved quickly to remedy its failure to answer or otherwise respond to the complaint by moving to set aside the default three days after the clerk's entry of default. Defendant has also stated a meritorious defense to Plaintiff's claims. For these reasons, Defendant's motion to set aside the entry of default and for an extension of time to file a responsive pleading (Dkt. No. 11) is **GRANTED**. Defendant must answer or otherwise respond to the complaint within fourteen days of the date of this order.

**SO ORDERED** at Green Bay, Wisconsin this 4th day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge